UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES; STATE CONTROLLER'S OFFICE,<br><br>　　　　Defendants. | No. 2:19-cv-1067-JAM-EFB PS<br><br>ORDER AND ORDER TO SHOW CAUSE |

On September 4, 2019, the court issued an order which set a status (pretrial scheduling) conference for February 19, 2020.[1] The order directed plaintiff to complete service of process on the defendant within 90 days and to serve a copy of the order concurrently with service of the summons and complaint. The order also directed the parties to file status reports fourteen days prior to the scheduling conference. ECF No. 9.

Plaintiff did not timely file a status report, nor has he filed proofs of service demonstrating that defendants were properly served.[2] *See* Fed. R. Civ. P. 4(l)(l) (requiring that proof of service

---

[1] This case, in which plaintiff is proceeding in propria persona, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff filed a proof of service indicated that he attempted to serve the Department of Health and Human Services ("HHS") by leaving a copy of the complaint and summons at its office in San Francisco, California. ECF No. 6. However, the docket does not indicate that

1

be made to the court).  Accordingly, the status conference will be continued and plaintiff is ordered to show cause why this case should not be dismissed for failure to effect service of process and/or failure to comply with the court's order.  *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Accordingly, it is hereby ORDERED that:

1. The status conference scheduled for February 19, 2020, is continued to April 8, 2020 at 10:00 a.m., in Courtroom No. 8.

2. Plaintiff shall show cause, in writing, on or before March 25, 2020, why this action should not be dismissed for failure to effect service of process and/or failure to comply with the court orders.

3. By no later than March 25, 2020, the parties shall file status reports (or a joint status report) setting forth the matters referenced in the court's September 4, 2019 order, including the status of service of process.

4. Failure of plaintiff to comply with this order will result in a recommendation that this action be dismissed for failure to effect services of process, comply with court orders, and/or for lack of prosecution under Rule 41(b).

DATED:  February 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

plaintiff complied with the requirements of Federal Rule of Civil Procedure 4(i) that he serve the United States Attorney for the Eastern District of California and the Attorney General of the United States in Washington, D.C.

2